NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCAL 1245 LABOR-MANAGEMENT PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>KEY HANDLING SYSTEMS, INC., *et al.*,<br><br>Defendants. | Civil Action No.: 14-6907 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff's Motion for Attorneys' Fees and Expenses Pursuant to 29 U.S.C. § 1451(b) and Local Civil Rule 54.2 ("Plf.'s Mot."). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's motion.

## BACKGROUND

Plaintiff filed this action to collect withdrawal liability pursuant to Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA"). (Compl. ¶ 1.) Pursuant to a stipulation, on March 23, 2015, this Court dismissed the individual defendants. (ECF No. 20.) On July 8, 2015, upon agreement of the parties, this Court issued a Consent Judgment and Order against Defendant Key Handling Systems, Inc. ("Key Handling") for $204,505.17, representing withdrawal liability, interest, and liquidated damages. (ECF No. 28.) The Court further ordered that Plaintiff had thirty days in which to file a motion for attorneys' fees and costs. (*See id.*) Plaintiff filed the present motion on August 3, 2015, seeking attorneys' fees of $22,498.50

(representing 84.90 hours at $265 per hour) and costs of $683.91. (Plf.'s Mot., Ex. A.) Plaintiff provided a detailed accounting supporting these amounts. (*See id.*)

Key Handling opposes Plaintiff's motion. It argues that the hours submitted are excessive, and that a rate of $265 is unreasonable. (*See* Key Handling Opp'n.[1])

## LEGAL STANDARD

To determine the amount of attorney's fees that are reasonable, courts apply the "lodestar calculation." *United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 290 (3d Cir. 2007). "Under this well-settled approach, a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. The product is a presumptively reasonable fee, but it may still require subsequent adjustment." *Id.* For example, where the documentation submitted in support of the request is inadequately specific, the court may reduce the award. *See id.*

With respect to determining a reasonable hourly rate, generally the "rate is to be calculated according to the prevailing market rates in the relevant community." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## ANALYSIS

Key Handling argues that the 84.90 hours submitted by Plaintiff are excessive because the complaint in this matter "essentially parrots the language of the statute and is essentially a recitation of a previous action filed against Defendants Key Handling Systems, *Trustees of the Local 1245 Health Fund et al. v. Key Handling*, Docket No.: 2:13-CV-002749-JLL-JAD." (Key Handling Opp'n at Point I.) The Court has compared the complaints in both matters and

---

[1] Key Handling did not include page numbers in its opposition.

disagrees that the present complaint is simply a "recitation of [the] previous action." The present action is for withdrawal liability, and the prior complaint was for delinquent contributions. (*Compare* Compl. ¶¶ 22-30 (Docket No. 14-6907, ECF No. 1) *to* Compl. ¶¶ 17-25 (Docket No. 13-2749, ECF No. 1).) Additionally, in the prior action, Plaintiff sought attorneys' fees for 433.1 hours of work. (*See* Docket No. 13-2749, ECF No. 64, Ex. A (attached to Decl. of Mark Hanna).)[2] In this matter Plaintiff is seeking significantly fewer hours based on detailed records submitted in support of its motion. (*See* Plf.'s Mot., Hanna Decl., Ex. A.) The Court does not find a basis to conclude that unnecessary work was performed based on the information submitted by Plaintiff and Key Handling.

Key Handling also disputes the hours because it "surmise[s] that it appears that Plaintiff's Attorneys is including billing for work prepared against co-Defendant Intermodal Properties which they are not entitled to in a consent judgment against Defendant Key Handling Systems, Inc." (Key Handling Opp'n at Point I.) Key Handling surmises this even though it acknowledges that Plaintiff's attorney, Mark Hanna, has certified that "[h]ours and costs incurred in pursuing judgment against the other Defendants have been eliminated from the itemized list in Exhibit A." (*Id.*; Plf.'s Mot., Hanna Decl. ¶ 10.) Key Handling's supposition is not persuasive as compared to the Declaration of Plaintiff's counsel combined with the detailed billing records submitted. The compliant in this matter was filed on November 4, 2014, and the consent judgment was entered July 8, 2015, approximately eight months later. The Court finds the 84.90 hours submitted by Plaintiff to be reasonable.

---

[2] In both this action and the prior action referenced by Key Handling (13-2749), Key Handling was represented by Biancamano & Di Stefano, P.C. Key Handling did not oppose the motion for attorney fees in the prior case. (*See* Docket No. 13-2749.)

3

Key Handling argues that the $265 billing rate is excessive because its own attorney charged less and because prior case law has established lower rates as reasonable. (*See* Key Handling Opp'n at Point II (citing *Doe v. Terhune*, 121 F. Supp. 2d 773, 782-83 (D.N.J. 2000).) The Court first notes that in the prior case between the parties referenced by Key Handling, Plaintiff also used a rate of $265 per hour, and Key Handling did not oppose that rate. (*See* Docket No. 13-2749, ECF No. 64, Hanna Decl. ¶ 11.) The Court next recognizes that the case relied on by Key Handling for prevailing market rates is over fifteen years old.

In support of the $265 blended rate used by Plaintiff, Plaintiff submitted the certification of its attorney that the rate is at or below the prevailing market rates for attorneys of comparable skill and experience. (Plf.'s Mot., Hanna Decl. ¶ 11.) The blended rate used by Plaintiffs is also the actual rate that Plaintiff was charged by its counsel. (*See id.* ¶ 8.) Plaintiff also cited more recent cases accepting rates in excess of $265 as reasonable for ERISA matters. *See, e.g., Chaaban v. Criscito*, No. 08-1567, 2013 WL 1737689, *11 (D.N.J. Apr. 3, 2013) (report and recommendation that $350-500 for partners and $225-300 for associates "well within, if not below, the prevailing rates of New Jersey") (adopted by the District Court on April 22, 2013); *Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, *5 (D.N.J. Jul. 24, 2012) ($275 per hour reasonable). The Court finds that $265 is a reasonable rate for the work performed.

4

## CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's motion in its entirety. An appropriate Order accompanies this Opinion.

DATED: September 8th, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE